UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STANDLY NORWOOD                                         CIVIL ACTION

VS.                                                     NO.

CIGNA INSURANCE COMPANY AND
PARENT COMPANY/SUBSIDUARY                               SECTION:

## COMPLAINT

### I.    NATURE OF THE ACTION

This is a civil action pursuant to ERISA for the denial of long-term disability benefits under an employer benefits plan.

### II.   ADMINISTRATIVE EXHAUSTION

The Plaintiff has completed administrative exhaustion, received the final denial of all appeals and letter of right to sue from the insurer, and hence this lawsuit is timely filed.

### III.  PARTIES

The Plaintiff, Standly Norwood, a person of the full age of majority who is presently domiciled in Carriere, Mississippi, at relevant times herein employed by Lockheed Martin Corporation at the Michoud-New Orleans, Louisiana facility, and was denied long term disability benefits by his insurer, Cigna Insurance Company. The Plaintiff submits himself to the jurisdiction of this Court.

The Defendant, Cigna Insurance Company, Parent Company and or Subsidiary, is a corporation which is licensed to do and doing business within this jurisdiction, as long term disability carrier for the Plaintiff's, employer, Lockheed Martin Corporation.

## IV.   JURISDICTION

This Court has jurisdiction over the parties and the subject matter of this case based on federal question jurisdiction.

## V.   CLAIMS

1. The Plaintiff claims that on or about June 14, 2015, he was denied long term disability benefits from the Defendant after having filed two claims for long term disability pursuant to his employer benefits package.

2. The Plaintiff states that he is totally disabled from employment and has been found eligible to receive and receives social security benefits effective January, 2015.

3. The Plaintiff further states that his medical condition consists of physical disability, psychological and cognitive disability conditions which are so severe as to qualify him for the long term disability benefits pursuant to his employee benefit package carried by the defendant.

4. The Plaintiff has been diagnosed with severe, disabling and degenerative neck and back conditions, psychological disability and cognitive dysfunction and that he is eligible to receive long term disability benefits within the language and meaning of his policy of insurance.

5. Plaintiff's ability to perform any employment is restricted by both physical conditions as well as psychological and cognitive dysfunctions.

6. Plaintiff provided the medical documentation of his condition to the defendant through Plaintiff's medical care providers, and defendant failed to deliberate regarding the Plaintiff's medical records and found that the Plaintiff was qualified to perform some types of work based on his prior experience, training and skillset.

7. The Plaintiff states that the defendant's denial of long term disability benefits to him constitutes an abuse of discretion by the administrator, a conflict of interest by the defendant and is arbitrary and capricious.

8. The Defendant hired medical consultants to re-evaluate the Plaintiff's medical treatment. When there was a conflicting decision between and among defendant's consultant's as to whether or not the Plaintiff was eligible to receive the long term disability benefits, the defendant elected to go with the opinion of the consultant who determined that the plaintiff's medical conditions were non-qualifying contrary to the Plaintiff's medical opinions and one or more of defendant's own hired consultants.

## VI.   LIABILITY

The defendant is liable to the Plaintiff for denial of long term disability benefits for physical, psychological and cognitive dysfunctions because the administrator's decision makes clear that as decision maker and payor of benefits, the defendant clearly had incentive to find consultants who were inclined to find that the Plaintiff was not disabled.

The defendant is also liable to the Plaintiff for denial of long term disability benefits because the administator's decision failed to show a deliberate evaluation of the Plaintiff's conditions taken as a whole, as opposed to on a piece-meal, short-term basis.

Moreover, the defendant changed its factors of evaluation following under its contract two times in an effort and eliminating grounds for the payment of the long term disability benefit to the Plaintiff.

Defendant's conduct herein is in violation of ERISA.

## VII.   PRAYER FOR RELIEF

The Plaintiff prays:

1. Retroactive payment of long term disability benefits due the Plaintiff under the contract

2. Attorney fees and costs for bad faith denial of benefits

3. All equitable and legal relief allowed by statute

4. That defendant is served and cited to answer herein within delays afforded by law.

5. And that after legal proceedings held, Judgment in favor of the Plaintiff for relief sought herein.

                Respectfully submitted:

                *Margaret Hammond Jackson*
                Margaret Hammond Jackson #14338
                Counsel for Plaintiff
                1527 Gause Boulevard
                Slidell, LA  70458
                Mobile: 228-363-2475
                Email: mjacksony@aol.com